UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| RUBY L. LOWE, Power of Attorney for<br>MICHAEL A. TAYLOR | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-0625 (CMH/LRV) |
| | ) | |
| CERNER HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Quash Untimely Rule 45 Subpoenas (Dkt. No. 194), Plaintiff's Memorandum of Law in Support (Dkt. No. 195), Defendant's Opposition to Plaintiff's Motion to Quash Subpoenas (Dkt. No. 200), Plaintiff's Reply in Support (Dkt. No. 201), and all exhibits thereto. The Court has considered the parties' submissions and dispenses with oral argument finding that it would not aid the decisional process. For the reasons that follow, Plaintiff's Motion to Quash (Dkt. No. 194) is granted.

Pursuant to the Court's Rule 16(b) Scheduling Order (Dkt. No. 33), discovery in this case closed on February 14, 2020.[1] Following Plaintiff's successful appeal of the Court's November 20, 2020 Order granting summary judgment to Defendant (*see* Dkt. Nos. 157-58, 164-65), on January 27, 2023, the Court held a status conference "for the purpose of scheduling further proceedings in this case." (Dkt. No. 166.) During the January 27 conference, the Court set a trial date of April 11, 2023. (Dkt. No. 167.) According to the record before the undersigned, the Court

---

[1] On November 21, 2019, the Court denied the parties' agreed motion to extend the discovery deadlines by 45 days. (Dkt. No. 49.)

did not reopen discovery and the parties did not otherwise represent to the Court that they intended to take additional discovery prior to the start of trial. (*See* Dkt. Nos. 167, 195 at 2, 200 at 2.)

On March 7, 2023, Defendant issued fourteen subpoenas to Plaintiff's health providers seeking documents responsive to seven categories of information. (*See* Dkt. Nos. 195-1 to 195-14.) The subpoenas are broadly written—with many requests asking for "all" documents regarding certain subjects—and have a return date of March 31, 2023, eleven days prior to the start of trial. (*See id.*)  As Plaintiff points out (*see* Dkt. No. 195 at 2), Defendant did not move to modify the Scheduling Order or otherwise move to reopen discovery prior to issuing the subpoenas. Moreover, in Defendant's February 3, 2023 memorandum in support of its motion for leave to file an amended answer and renewed motion for summary judgment, Defendant stated that granting Defendant's motion would not prejudice Plaintiff because "no additional discovery is required" in this case and Defendant "is not seeking to postpone the trial." (Dkt. No. 174 at 6.)

Under this Court's Local Civil Rule 16(B), the "parties and their counsel are bound by the dates specified in any such orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause."  As state above, Defendant has not requested a modification of the Court's Scheduling Order or otherwise moved to reopen discovery, which closed on February 14, 2020.  Defendant's opposition to Plaintiff's Motion to Quash does not argue that good cause exists to reopen discovery, and also fails to cite any authority in support of its argument that the subpoenas are necessary and appropriate at this stage of the litigation and under the circumstances present here.  Defendant also offers no explanation as to why it represented to the Court as recently as five weeks ago that no further discovery would be needed or why it failed to move for leave to reopen discovery before issuing the untimely subpoenas.  As such, Defendant has failed to meet the "good cause" standard for reopening discovery to enable it

to serve the fourteen subpoenas at issue here.  *Cf. McAfee v. Boczar*, 3:11CV646, 2012 WL 2499420, at *2 (E.D. Va. June 27, 2012) (granting motion to quash subpoena issued after the close of discovery where issuing party did not move to reopen discovery and did not otherwise establish good cause existed to modify the scheduling order).  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Quash Untimely Rule 45 Subpoenas (Dkt. No. 194) is **GRANTED**; it is further

**ORDERED** that Defendant must promptly either withdraw the Rule 45 subpoenas that are the subject of Plaintiff's Motion to Quash or forward a copy of this Order to all recipients of the Rule 45 subpoenas and inform them that the subpoenas have been quashed and that no response is required.

**ENTERED** this 16th day of March, 2023.

/s/ *LRV*

Lindsey Robinson Vaala
United States Magistrate Judge

_____

Alexandria, Virginia